## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff-Respondent,

v.            CIV-05-1148 JP/LAM
            CR- 03-0766 JP

RICARDO CUEVAS,

   Defendant-Movant.

## ORDER

On July 31, 2006, the Honorable Lourdes A. Martinez ("Magistrate Judge") filed her

Proposed Findings and Recommended Disposition ("PF&RD") (Doc. No. 12) to which Movant

Ricardo Cuevas filed his objections in Movant's Corrected Objections to the Magistrate Judge's

Findings and Recommended Disposition ("Objections") (Doc. No. 14) on August 15, 2006.  The

Court has made a *de novo* review of the record and concludes that the Magistrate Judge's

PF&RD should be adopted with the following additional findings.

In his Objections, Movant essentially objects to the entirety of the PF&RD and moves the

Court to hold an evidentiary hearing on the claims asserted in his Motion by a Person in Federal

Custody to Vacate, Set Aside and Correct a Conviction and Sentence Pursuant to 28 U.S.C. §

2255 ("Motion").  Because Movant's Objections simply recast the arguments Movant raised in his

Motion, there is no additional evidence or analysis which has not already been evaluated by the

Magistrate Judge.  The Court agrees with the Magistrate Judge's analysis and rejection of

Movant's contentions on the grounds that they lack factual support and legal merit.  In addition,

the Court concurs with the Magistrate Judge's determination that no evidentiary hearing is necessary because the record adequately demonstrates that Movant is not entitled to relief.

## I.  Standard

Under 28 U.S.C. § 2255, the district court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *U.S. v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000) (quoting 28 U.S.C. § 2255).[1]  In determining whether Movant is entitled to an evidentiary hearing, the Court must determine first "whether defendant's allegations, if true, would entitle him to relief . . ." *U.S. v. Felix*, 108 F.3d 341, *1 (10th Cir. 1997) (unpublished opinion).

## II.  Allegation Concerning Factual Basis for Guilty Plea

Movant argues that various statements[2] he made at his change of plea hearing demonstrate that there was an inadequate factual basis for his guilty plea to the charge of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Movant concludes that he is therefore entitled to an evidentiary hearing on this claim.  *See* Movant's Objections at ¶¶ 9, 11, 24-31.  The Court concurs with the Magistrate Judge that the record conclusively shows that Movant is not entitled to relief on this claim.

---

[1] Evidentiary hearings are not automatic in § 2255 proceedings where a response is ordered by the Court.  If a motion is not dismissed prior to ordering a response, "the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(a).

[2] These statements by Movant appear in the transcript of his change of plea hearing.  *See* Transcript of Ricardo Cuevas' Felony Plea Hearing (8/12/04) at 10-11.  In paragraph 11 of Movant's Objections, Movant refers to page 14 of the transcript of his change of plea hearing, but it appears that Movant intended this to be a reference to page 10 of the transcript.

Though Movant's claim is likely barred by procedural default because Movant did not raise this claim on direct appeal, *see Bousley v. U.S.*, 523 U.S. 614, 621 (1998), the Court need not address whether this claim is barred because "even assuming it is not procedurally barred, the claim fails on its merits." *U.S. v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994).  The record conclusively shows that there was an adequate factual basis for Movant's guilty plea to the charge of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *See* PF&RD at ¶¶ 9-10.  Though the statements Movant made at his plea hearing indicate that Movant wanted the factual basis for his plea to reflect his assertion that "the gun was in the closet in a suitcase and not loaded," the government did not accept the modification and stated that "[t]he government's factual basis is what it is . . ."  Transcript of Ricardo Cuevas Felony Plea Hearing (8/12/04) at 10-11.  After the government stated that it was satisfied with the factual basis for the plea, Movant pled guilty to all the charges against him, including possession of a firearm in furtherance of a trafficking crime. *Id*. at 11-12.  Combined with the fact that Movant did not object to the description of the gun as loaded in paragraph 232 of his Presentence Report ("PSR") -- following the Court's review of the facts contained in the PSR and the Court's adoption of them as findings of fact by the Court -- the Court concludes that there was an adequate factual basis for Movant's guilty plea.

### III.  Claims of Ineffective Assistance of Counsel

Movant's remaining objections revolve around his numerous ineffective assistance of counsel claims.  As a preliminary matter, Movant bases his objections on his belief that the judges who have presided over his legal proceedings failed to adequately address his concerns about the quality of his legal representation, thereby leading him to enter a plea which was not knowing,

3

intelligent, and voluntary.  While the Magistrate Judge construed this claim as part of Movant's ineffective assistance of counsel claims, to the extent that it relates to the voluntariness and intelligence of Movant's guilty plea, the Court finds that this claim is also likely barred because it was not raised on direct appeal.  *See Bousley*, 523 U.S. at 621.  Nonetheless, this claim also fails on its merits.

"A district court should engage in an inquiry sufficient to explore and understand the defendant's concerns about the inadequacy of counsel . . . [T]he fundamental requirement is that the district court's inquiry uncover the nature of the defendant's concerns."  *U.S. v. Vargas*, 316 F.3d 1163, 1166 (10th Cir. 2003).  After Movant expressed dissatisfaction with his attorney at his change of plea hearing, Magistrate Judge Robert H. Scott questioned Movant about his dissatisfaction and asked him about having another attorney appointed to represent him.  *See* Transcript of Ricardo Cuevas' Felony Plea Hearing (8/12/04) at 4-5.  Movant elected to proceed without a change of attorneys and entered his guilty plea.  *Id.* at 5-12.  Magistrate Judge Scott's inquiry uncovered the nature of Movant's concerns which revolved around his belief that a different attorney may have been able to secure a more favorable plea agreement.  After the government stated that it would not have made a difference if another attorney had represented Movant, Movant stated that he was guilty and essentially rescinded his original objection by choosing not to pursue requesting substitute counsel.  *Id.* at 4-5.

At Movant's sentencing hearing before the Court, Movant's attorney said that he and Movant "did tussle back and forth quite a bit" regarding the terms of his plea agreement.  *See* Transcript of Ricardo Cuevas' Sentencing Hearing (10/28/04) at 5.  This statement alone did not suffice to alert the Court that Movant was dissatisfied with his representation.  When given an

4

opportunity to speak, Movant made no objections concerning his attorney and said nothing about dissatisfaction with his representation. *See id.* at 7. Thus, because Movant did not express concerns with his representation during his sentencing hearing, there was no reason for the Court to have inquired into a subject which was not brought to the Court's attention.

### A. Alleged Conflict of Interest Based on Simultaneous Representation

Movant contends that his attorney had a conflict of interest which led him to induce Movant to plead guilty. Movant's Objections at ¶ 9. The alleged conflict of interest was the attorney's undisclosed, simultaneous representation of Jose Medrano in another federal criminal case during the attorney's representation of Movant. In his Motion, Movant alleged that his attorney acted adversely to Movant's interests in order to protect Mr. Medrano, who Movant alleged was a confidential informant in Movant's case.[3] The Magistrate Judge found Movant's arguments conclusory and speculative and concluded that there was no support in the record for Movant's contention that his attorney's concurrent representation of Mr. Medrano constituted an actual conflict of interest that adversely affected the attorney's representation of Movant. *See* PF&RD at ¶ 20.

To establish a claim of ineffective assistance of counsel based on a conflict of interest involving undisclosed multiple representation where no objection has been raised to the Court, Movant must show that "a conflict of interest actually affected the adequacy of his representation . . ." *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980) (citation omitted). In addition, he must demonstrate that his attorney "actively represented conflicting interests [to establish] the

---

[3] There is no evidence in the record of Mr. Medrano having been a confidential informant in Movant's case. The government also denies this assertion. *See* United States' Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 7) at 13.

constitutional predicate for his claim of ineffective assistance." *Id.* at 350.  The Magistrate Judge properly applied this standard to Movant's conflict of interest claim.  Such allegations do not suffice to support a § 2255 motion because an "actual conflict of interest" cannot be demonstrated by the mere "possibility of conflict."  *Cuyler*, 446 U.S. at 350.  Nor may it be shown by "the mere appearance of impropriety . . ."  *Pool v. Armontrout*, 852 F.2d 372, 375 (8th Cir. 1988).  Without a showing of conflicting interests, an alleged conflict is hypothetical.  *U.S. v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998) ("the petitioner must be able to point to specific instances in the record which suggest an impairment or compromise of his interests for the benefit of another party") (citation omitted).

Movant's claim bears a strong resemblance to that of the petitioner in *Dukes v. Warden*, 406 U.S. 250 (1972).  There, the petitioner pleaded guilty on the advice of two lawyers, one of whom also represented the petitioner's co-defendants on an unrelated charge.  After learning that this lawyer had sought leniency for the co-defendants by arguing that their cooperation with the police induced the petitioner to plead guilty, the petitioner argued that his lawyer's conflict of interest had infected his plea.  The Supreme Court found "nothing in the record . . . which would indicate that the alleged conflict resulted in ineffective assistance of counsel and did in fact render the plea in question involuntary and unintelligent."  *Id*. at 256 (quotation marks and citation omitted).  Since the petitioner did not identify an actual lapse in representation, the court affirmed the denial of habeas corpus relief.  Similarly, because Movant has not shown any support in the record for his contention that his attorney's representation of Mr. Medrano constituted an actual conflict of interest which adversely affected the attorney's representation of Movant, the Court

finds that Movant's objection lacks any basis and agrees with the Magistrate Judge that his Motion must be denied on this contention.

### B.  Alleged Conflict of Interest at Change of Plea Hearing

Movant also alleges that a conflict of interest arose between himself and his attorney when he expressed dissatisfaction with his attorney at his change of plea hearing.  The Magistrate Judge concluded that even if it were assumed that there was a conflict of interest, no prejudice to Movant had been shown.  *See* PF&RD at ¶ 23.  As noted above, Magistrate Judge Scott addressed Movant's dissatisfaction with his attorney at the change of plea hearing and inquired into it, obviating any prejudice from the conflict of interest.  In his Objections, Movant argues that the Magistrate Judge erred by applying the incorrect legal standard to his claim and by failing to presume that Movant was prejudiced by his attorney's alleged conflict of interest.  *See* Movant's Objections at ¶ 64.

Ineffective assistance of counsel claims are evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a showing that an attorney's performance was deficient and that the attorney's deficient performance prejudiced his client's defense.  In cases of attorney conflicts of interest, prejudice is presumed if a claimant or his attorney alerted a judge to a possible conflict of interest and the judge failed to conduct an adequate inquiry into the possible conflict.  *U.S. v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) (citing *Holloway v. Arkansas*, 435 U.S. 475, 487-89 (1978)).  As discussed above, Magistrate Judge Scott was alerted to Movant's concerns with his attorney at the change of plea hearing and adequately inquired into the matter.  Therefore, Movant was not entitled to a presumption of prejudice with regard to this claim.

7

To establish prejudice after the petitioner has pleaded guilty, he must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).  As discussed above, Movant's only concern stemmed from his belief that another attorney might have been able to negotiate a more favorable plea agreement, but he failed to establish that his counsel's performance was deficient.  When offered an opportunity to request substitute counsel, Movant elected not to do so and readily demonstrated his desire to continue with the proceedings.  Nothing in the record suggests that Movant would not have pleaded guilty and would have insisted on going to trial.  Indeed, the entirety of the record is to the contrary.  Under these facts, Movant has failed to demonstrate that his attorney's performance was deficient or that any prejudice resulted from the alleged deficiencies.  The Magistrate Judge properly analyzed Movant's claim under the *Strickland* standard and reached the correct conclusion that Movant's Motion must be denied on this claim.

### C.  Alleged Failure to Give Proper Advice During Plea Negotiations

Movant goes on to assert that his attorney failed to give him proper legal advice during his plea negotiations with the government.  In his Objections, Movant contends that the Magistrate Judge applied the incorrect legal standard to this claim and erred by concluding that Movant's attorney was not constitutionally ineffective in his representation of Movant during plea negotiations with the government.  *See* Movant's Objections at ¶ 49.

The record reflects two plea offers made by the government to Movant.  Movant rejected the initial offer and accepted the second.  *See* PF&RD at ¶ 25.  Movant argues that his attorney was ineffective with regard to the initial plea offer because he created unreasonable expectations

that Movant would be offered a sentence of only four years.  In addition, Movant asserts that his

attorney failed to explain mandatory minimum sentences which applied to Movant and did not

explain that the government could not bring additional charges if Movant accepted the initial

offer.  *See* Movant's Objections at ¶ 52.  Movant claims that his attorney's ineffective assistance

with regard to the initial plea offer caused him to reject that offer and prejudiced him by causing

him to be subject to a longer sentence under the second plea offer.  *Id.* at ¶ 53.

 The Magistrate Judge properly applied the *Strickland* standard to Movant's claim related

to his initial plea offer and found that there was no showing of prejudice even if it was assumed

that Movant's counsel performed in a deficient manner.  *See* PF&RD at ¶ 26.  The record shows

that the initial plea offer was conditioned on the acceptance of plea offers made to a number of

Movant's co-defendants, certain of whom did not accept their plea offers.  *Id.*  Movant could not

have been prejudiced by his attorney's representation related to this initial plea offer because even

if Movant had accepted it, it would have been voided by his co-defendants' rejections of their plea

offers.  *Id.*  Therefore, the Court agrees with the Magistrate Judge that there was no showing of

prejudice with regard to Movant's initial plea offer, and consequently no basis for granting

Movant's Motion on this issue.

### D.  Alleged Failure to Conduct an Adequate Investigation

 Movant also claims that his attorney failed to conduct an adequate investigation of his

case.  To prevail on an ineffective assistance of counsel claim when the alleged deficiency is an

attorney's failure to investigate, a § 2255 petitioner must provide the court with "sufficiently

precise information, that is, a comprehensive showing as to what the investigation would have

produced." *Hardamon v. U.S.*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotation marks and citation omitted).

In his Objections, Movant directs the Court's attention to the following claims which are offered to satisfy the "comprehensive showing" requirement.  First, Movant argues that his attorney failed to investigate evidence that money in Movant's savings account, which the government alleged to be drug proceeds, was actually proceeds from a workers' compensation settlement.  *See* Movant's Objections at ¶ 45.  Without supporting affidavits, Movant argues that his workers' compensation attorney could have testified to that fact.  *Id.; see also* Movant's Motion at 36.  Next, Movant asserts that an adequate investigation would have revealed that Mr. Medrano and Movant's brother attempted to falsely implicate Movant in drug-dealing activities to protect their own criminal wrongdoings.[4]  *See* Movant's Objections at ¶ 45.  Movant's next contention is that he had identified witnesses his attorney should have investigated who could have testified that Movant was merely present during his brother's drug-dealing activities and that Movant had a legitimate source for his income.  *See* Movant's Objections at ¶ 46; *see also* PF&RD at ¶ 27.  Finally, Movant argues that his attorney did not perform an independent investigation of the charges in his case and thus failed to adequately prepare a "mere presence" defense before he recommended that Movant accept the second plea offer.  *See* Movant's Objections at ¶ 39.

Movant's claims are impermissibly conclusory.  Conclusory allegations, without supporting factual averments, do not suffice to support a petitioner's claims in a § 2255

---

[4] The Court notes that Movant argued this point with less conviction in his Motion, alleging that an adequate investigation by his attorney "may have revealed" that either his brother or Mr. Medrano were attempting to falsely implicate him in their own drug-dealing activities.  Movant's Motion at 36.

proceeding. *U.S. v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Nor do they warrant an evidentiary hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (conclusory allegations unsupported by specifics are subject to summary dismissal). Where they are supported by more detailed allegations, the claims still falter by virtue of Movant's failure to satisfy the standards laid out in *Strickland* and *Hill*. As with any ineffectiveness claim, Movant must establish both that his attorney's performance was deficient and that the attorney's deficient performance prejudiced Movant's defense. *Strickland,* 466 U.S. at 687. To establish prejudice after the petitioner has pleaded guilty, he must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The determination of whether the error prejudiced the petitioner depends "on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Id.* This assessment "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*

Though Movant argues that the Magistrate Judge applied the incorrect legal standard to his claim, *see* Movant's Objections at ¶ 36, it is clear that the Magistrate Judge applied the correct legal standards from *Strickland* and *Hill* to Movant's claim and properly found that Movant did not demonstrate deficiency in his attorney's performance or any resulting prejudice. *See* PF&RD at ¶¶ 28-29. Movant's contention that the Magistrate Judge impermissibly considered whether the evidence discussed by Movant would have changed the outcome of a trial is contradicted by the very authority cited by Movant in his Objections. *See Hill*, 474 U.S. at 59.

Concerning Movant's claims regarding his bank account and witnesses who could testify as to the provenance of the funds contained therein, the Magistrate Judge acknowledged Movant's

identification of his workers' compensation attorney as a witness, but found that Movant failed to show how this testimony would have made any difference in the outcome of his case. *See* PF&RD at ¶ 29.  A habeas petitioner cannot succeed on an ineffective assistance of counsel claim simply by showing that there is some evidence his counsel failed to investigate.  Instead, under *Strickland* and *Hill*, he must show that the failure to investigate was objectively unreasonable and, if he has pled guilty, that there is a reasonable probability that, but for the failure to investigate,  he would not have pled guilty and would have insisted on going to trial.  Even if it is assumed that an investigation would have revealed that the money in Movant's account was from a workers' compensation settlement, Movant has failed to show how this information, which was obviously already known to Movant, would have caused him to plead "not guilty" and insist on going to trial. Indeed, other evidence against Movant regarding his liability for conspiring to traffic drugs is uncontroverted, leading to the inevitable conclusion that evidence regarding the origin of funds in Movant's bank account would have had little, if any, impact on Movant's defense.  Therefore, because Movant was not prejudiced by his attorney's alleged ineffectiveness, Movant has failed to establish this claim.[5]

Concerning Movant's "mere presence" contentions, Movant asserts that the Magistrate Judge erred by concluding that Movant failed to identify witnesses his attorney should have investigated who could have testified that Movant was merely present during his brother's drug-dealing activities.  *See* Movant's Objections at ¶ 46; *see also* PF&RD at ¶ 27.  Having reviewed

---

[5] Movant asserts that the Magistrate Judge made an implied finding that neither Movant nor any other potential witnesses could credibly establish his ineffective assistance of counsel claims.  *See* Movant's Objections at ¶¶ 12-18.  Because the Magistrate Judge did not propose any findings concerning any witness' credibility, this argument is wholly unsupported and thus devoid of merit.  *See U.S. v. Fisher*, 38 F.3d at 1147.

Movant's Motion, the Court finds Movant did not list any witnesses who could testify on this issue. Indeed, the only witness mentioned in Movant's Motion is Movant's workers' compensation attorney, who was only offered to testify on the source of Movant's bank funds. *See* Movant's Motion at 36-37. The Magistrate Judge acknowledged that Movant named this witness in his Motion, but concluded that this was entirely irrelevant. *See* PF&RD at ¶ 27. This conclusion was not in error.

Finally, Movant argues that the Magistrate Judge erred by concluding that his claims concerning his attorney's alleged failure to investigate were unsupported and did not warrant an evidentiary hearing. *See* Movant's Objections at ¶¶ 46-48. Because Movant's Objections are conclusory and fail to satisfy the legal standards discussed above, the Court agrees with the Magistrate Judge that Movant is not entitled to an evidentiary hearing on this claim. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *overruled on other grounds* by *Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001) (conclusory allegations do not warrant a hearing on an ineffective assistance of counsel claim); *see also U.S. v. Cervini*, 379 F.3d at 994 ("District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim").

### E.  The Cumulative Effect of Movant's Attorney's Alleged Errors

Finally, Movant reasserts the argument from his Motion that he was prejudiced by the cumulative effect of his attorney's errors. *See* Movant's Objections at ¶¶ 69-78. The Magistrate Judge concluded that the performance of Movant's attorney was not constitutionally ineffective. *See* PF&RD at ¶ 13. A court's cumulative-error analysis only takes into account the effect of matters determined to be error, not the cumulative effect of non-errors. *Brecheen v. Reynolds*, 41

13

F.3d 1343, 1370 n.23 (10th Cir. 1994) (citation omitted). As discussed in the PF&RD and above, Movant has failed to show that his attorney's performance was deficient, and thus this argument is without merit.

### V.  Conclusion

The Court agrees with the Magistrate Judge that Movant's claims in his Motion are either conclusory or without legal merit.  Accordingly, the Court will adopt the Magistrate Judge's PF&RD, deny his § 2255 motion without an evidentiary hearing, and dismiss this case with prejudice.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 12) are **ADOPTED** by the Court and that Movant's Motion by a Person in Federal Custody to Vacate, Set Aside and Correct a Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that this case will be dismissed with prejudice by a separate judgment.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**